JACKSON LEWIS LLP
59 Maiden Lane
New York, NY 10038
(212) 545-4000
Attorneys of Record:
     Diane Windholz
     Nicole Q. Saldana

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WALID EL SAYED**<br><br>     **Plaintiff,**<br><br>    v.<br><br>**HILTON HOTELS CORPORATION, HILTON GRAND VACATION CLUB, INC. NEW YORK HILTON & TOWERS AND BARBARA STILL,** Housekeeping Director<br><br>     **Defendants.** | **Civ. No: 07-11173 (DC)** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

Date: February 25, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................ii

PROCEDURAL BACKGROUND AND FACTS ....................................................................1

ARGUMENT ...........................................................................................................................2

POINT I................................................................................................................................2
PLAINTIFF'S STATE AND CITY CLAIMS SHOULD BE DISMISSED BECAUSE
HE ELECTED HIS STATE REMEDY BY FILING A COMPLAINT WITH THE
NYSDHR ..........................................................................................................................2

POINT II ..............................................................................................................................4
PLAINTIFF'S CLAIMS UNDER SECTION 1981 MUST BE DISMISSED FOR
FAILURE TO STATE A CLAIM .......................................................................................4

CONCLUSION ........................................................................................................................5

# TABLE OF AUTHORITIES

## FEDERAL CASES

Albert v. Carovano,
851 F.2d 561 (2d Cir. 1988) .................................................................................. 6

Anderson v. Conboy,
156 F.3d 167 (2d Cir. 1998) .................................................................................. 6

James v. City of New York,
No. 01 Civ. 30, 2003 U.S. Dist. LEXIS 14526 (S.D.N.Y. Aug. 18, 2003) .................................... 4

Mendez v. City of New York Human Resources Admin.,
No. 04 Civ. 0559, 2005 U.S. Dist. LEXIS 24632 (S.D.N.Y. Oct. 24, 2005) ................................. 4

Miller v. NASD,
1:05-c 2006 U.S. Dist. LEXIS 67846 (E.D.N.Y. Sept. 19, 2006) .................................. 4

Moodie v.  Federal Reserve Bank,
58 F.3d 879 (2d Cir. 1995) ............................................................................. 4, 5

Patterson v. McLean Credit Union,
491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989)þ ......................................... 6

Runyon v. McCrary,
427 U.S. 160 (1976) ........................................................................................ 6

Saint Francis College v. al-Khazraji,
481 U.S. 604, 107 S. Ct. 2022 (1987) ................................................................... 6

York v. Association of the Bar of the City of New York,
286 F.3d 122 (2d Cir.), cert. denied, 537 U.S. 1089 (2002) ........................................ 4

Yusuf v. Vassar College,
35 F.3d 709 (2d Cir. 1994) ............................................................................... 6

Defendants, Hilton Hotels Corporation, Hilton Grand Vacation Club, Inc. New York Hilton & Towers and Barbara Still (hereinafter collectively referred to as "Defendants"), submit this Memorandum of Law in Support of Their Partial Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Plaintiff Walid El Sayed ("Plaintiff"), a former employee of the Hilton Hotel Corporation ("Hilton") instituted this lawsuit asserting claims of national origin (Egyptian) and/or religious discrimination (Muslim) discrimination in violation of the New York State Human Rights Law, Executive Law § 296 et seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code §8-109 ("NYCHRL"), Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981(b) (Section 1981). (See Complaint).

For the reasons set forth herein, Defendants respectfully request that this Court grant its Motion and dismiss Plaintiff's Section 1981 and New York state and city human rights law claims.

## PROCEDURAL BACKGROUND AND FACTS[1]

This is an employment discrimination case. Plaintiff was hired by Defendant Hilton Hotels Corporation as an Assistant to the Director of Housekeeping on or about December 20, 2004. (Complaint ¶ 4). He was terminated from his position on August 9, 2006. (Complaint ¶ 17). On or about February 7, 2007, Plaintiff dually filed a complaint of discrimination with the New York State Division of Human Rights (the "NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC") alleging retaliation, national origin and religious discrimination. (Complaint ¶ 9). On July 31, 2007, the NYSDHR issued its Determination and Order After Investigation which made a finding of "No Probable Cause."

---

[1] The facts set forth in this brief are based on Plaintiff's Complaint and attachments thereto.

(Complaint, Exhibit B). Specifically, the No Probable Cause finding provides that "the Respondent has articulated legitimate, non-discriminatory reasons for its actions concerning the Complainant, which reasons have not been shown to be pretextual. (Complaint, Exhibit B). In a letter dated August 7, 2007, Plaintiff appealed the SDHR's decision to the EEOC. (Complaint, Exhibit D). On or about September 14, 2007, the EEOC closed its file and issued a Dismissal Letter and Notice of Rights. (Complaint, Exhibit C). Plaintiff commenced this action by filing a Summons and Complaint on December 12, 2007.[2] On January 3, 2008, Defendants requested a pre-motion conference to seek permission to file a motion to dismiss certain claims asserted in Plaintiff's Complaint. The case was conference on January 11, 2008. In an order dated February 6, 2008, the Court dismissed Plaintiff's claim under 42 U.S.C. § 1983 and Plaintiff's Title VII claim against Barbara Still.

## ARGUMENT

### POINT I

### PLAINTIFF'S STATE AND CITY CLAIMS SHOULD BE DISMISSED BECAUSE HE ELECTED HIS STATE REMEDY BY FILING A COMPLAINT WITH THE NYSDHR.

Plaintiff's state and city law claims under the NYHRL and NYCHR must be dismissed due to lack of jurisdiction. Both the NYHRL and the Administrative Code are clear that once a party elects to file a complaint of discrimination with the NYSDHR or the City Commission, he is barred from subsequently bringing a lawsuit based upon the same allegations. Specifically, the NYHRL provides that:

---

[2] It should be noted that this is the third legal proceeding Plaintiff has pending against Defendants. On or about January 21, 2007, Plaintiff filed a lawsuit for unpaid wages in the Civil Court of the City of New York, Index No. 07/0003741. Plaintiff is also appealing the denial of his unemployment benefits in the New York Supreme Court, Case No. 0502730.

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . **unless such person has filed a complaint hereunder** or with any local commission on human rights.

N.Y. Exec. Law § 297(9) (emphasis added).  Similarly, the Administrative Code states that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction for damages . . . and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

N.Y.C. Admin. Code §8-502(a) (emphasis added).

Accordingly, the law in New York is well settled that "by the terms of the statute and code, respectively, the NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Association of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir.), cert. denied, 537 U.S. 1089 (2002); Moodie v. Federal Reserve Bank, 58 F.3d 879, 882-83 (2d Cir. 1995) ("when a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from 'commencing an action' in court regarding that discrimination ..."); Miller v. NASD, 1:05-cv-05495, 2006 U.S. Dist. LEXIS 67846 *10-11 (E.D.N.Y. Sept. 19, 2006) (granting motion to dismiss NYSHRL claim because the plaintiff previously elected to file a complaint with the NYSDHR)[3]; Mendez v. City of New York Human Resources Admin., No. 04 Civ. 0559, 2005 U.S. Dist. LEXIS 24632, at *4-5 (S.D.N.Y. Oct. 24, 2005) (granting motion to dismiss NYSHRL claim because plaintiff received no probable cause determination from NYSDHR); James v. City

---

[3] True and correct copes of all unreported decisions cited to herein are attached hereto as Exhibit "A."

of New York, No. 01 Civ. 30, 2003 U.S. Dist. LEXIS 14526, at *14 (S.D.N.Y. Aug. 18, 2003) (dismissing NYSHRL claims based on lack of subject matter jurisdiction since plaintiff elected to bring claims before state administrative agency).  Thus, the NYSHRL deprives federal courts of subject matter jurisdiction where a plaintiff previously elected to proceed before the NYSDHR. Moodie, 58 F.3d at 882.

Here, Plaintiff acknowledges in his complaint that he filed a prior complaint based on the same facts alleging violations of NYSHRL with the NYSDHR and litigated the prior complaint through a Determination and Order.  Since Plaintiff previously elected to pursue his NYSHRL claim with the NYSDHR, which was subsequently dismissed with a No Probable Cause determination, Plaintiff is barred from re-litigating and seeking remedies for the same claims in this Court.  Accordingly, Plaintiff's state and city law claims under the NYSHRL and NYCHRL should be dismissed in their entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## POINT II

### PLAINTIFF'S CLAIMS UNDER SECTION 1981 MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (1994).  In 1991, Congress amended the statute to clarify that § 1981 prohibits employment discrimination on the basis of race. See Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, Title I, § 101 (codified at 42 U.S.C. § 1981(b) (1994) ("For the purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")) (abrogating

Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989)). Unlike claims arising under § 1983, § 1981 applies to purely private actors who intentionally discriminate on the basis of "race." See Runyon v. McCrary, 427 U.S. 160, 168-75 (1976); Albert v. Carovano, 851 F.2d 561, 571 (2d Cir. 1988).

To survive a motion to dismiss a claim under § 1981, a complaint "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994). Allegations of discrimination based on national origin and religion are not actionable under Section 1981. See Saint Francis College v. al-Khazraji, 481 U.S. 604, 613 107 S. Ct. 2022 (1987); Anderson v. Conboy, 156 F.3d 167, 179 (2d Cir. 1998). Plaintiff's complaint, like his verified complaint with the NYSDHR, alleges discrimination based on national origin and religion as well as retaliation. Plaintiff does not allege racial discrimination, nor does he assert any facts that demonstrate discrimination on the basis of race. Accordingly, his § 1981 claims should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Partial Motion for Summary Judgment and dismiss, with prejudice, Plaintiff's Section 1981 and state and city discrimination claims. Defendant also requests that the Court order Plaintiff to pay costs and attorneys' fees incurred by Defendant in making this motion and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038
    Phone: 212-545-4000
    Facsimile: 212-972-3213
    E-mail:windholzd@jacksonlewis.com
        saldanan@jacksonlewis.com

Dated: February 25, 2008      By: _____
      New York, New York        Diane Windholz, Esq, (DW 9806)
           Nicole Q. Saldana, Esq. (NS 6524)

ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

LEXSEE 2003 U.S. DIST. LEXIS 14526



Positive
As of: Feb 05, 2008

**DONALD D. JAMES, Plaintiff, -v- CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION, Defendants.**

**No. 01 Civ. 30 (LTS)(DFE)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK**

**2003 U.S. Dist. LEXIS 14526**

**August 18, 2003, Decided
August 20, 2003, Filed**

**DISPOSITION:**    [*1] Defendants' motion to dismiss complaint granted in part and denied in part.

**COUNSEL:** Donald D James, PLAINTIFF, Pro se, Brooklyn, NY USA.

For Donald D James, PLAINTIFF: Irene Donna Thomas, Thomas & Associates, New York, NY USA.

**JUDGES:** LAURA TAYLOR SWAIN, United States District Judge.

**OPINION BY:** LAURA TAYLOR SWAIN

**OPINION**

MEMORANDUM OPINION AND ORDER

Plaintiff Donald D. James ("Plaintiff"), a former Correction Officer with the New York City Department of Correction, ("DOC"), filed this action *pro se* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., ("Title VII"), 42 U.S.C. sections 1981, 1983, 1988, Article 15 of the New York State Human Rights Law, New York Executive Law section 290 et seq., ("SHRL"), and the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, section 8-101 et seq., ("NYCHRL"). Plaintiff claims that he was discriminated against by the City of New York (the "City") and DOC (collectively, "Defendants") because of his race. Presently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure [*2] "12(b)"(sic). The Court construes Defendants' motion as one brought pursuant to Rule 12(b)(6) to the extent it is premised on arguments that (i) Plaintiff's Title VII claims are barred by the statute of limitations. (ii) the complaint fails to state a claim because the actions complained of do not constitute a prohibited employment practice, and (iii) Plaintiff's claims under sections 1981and 1983 are precluded by collateral estoppel arising from a prior determination of the New York State Division of Human Rights ("SDHR"). Defendants' motion is treated as one brought pursuant to Rule 12(b)(1) to the extent Defendants argue that Plaintiff's election to bring his state and local law claims before the relevant state agency constituted an election of remedies depriving this Court of jurisdiction to adjudicate those claims.

The Court has considered thoroughly the parties' submissions. For the reasons that follow, Defendants' motion is denied as to Plaintiff's federal claims and granted as to Plaintiff's state and local law claims.

## BACKGROUND

In evaluating a motion to dismiss a complaint, the Court is obliged to take as true the facts as alleged in the complaint and draw all reasonable [*3] inferences in favor of the plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). The following recitation of background fact is, accordingly, taken from the complaint.

Plaintiff, a black male, was appointed by the DOC as a Correction Officer in 1987. Compl. P 16. In or about January 1996, Plaintiff requested that the City of New York stop withholding all federal income tax from his paycheck. Id. P 18. In 1996, the DOC began an investigation of Correction Officers who claimed an unusual number of exemptions on their W-4 tax withholding forms and, in December 1997, Plaintiff and a large number of other Correction Officers were arrested. Plaintiff was suspended on December 2, 1997, the date of his arrest, and was terminated from his position on some unspecified later date. Id. PP 18-23. Plaintiff asserts, upon information and belief, that some white officers were allowed to make changes and corrections on their W-4 forms and were not arrested and/or were not terminated from employment. Id. P 24. Plaintiff alleges he was not afforded the same opportunity. Id. Plaintiff alleges that Defendants had a disproportionate number of minority [*4] officers arrested as compared to nonminority officers. Id. P 25. Plaintiff claims that, out of the approximately 1,400 officers who were investigated, only somewhere between approximately 85 and 300 were arrested, and that the overwhelming majority of those arrested were minorities, namely black and Hispanic officers, although white and Asian DOC employees also participated in the alleged wrongdoing. Id. P 27.

Plaintiff alleges that the minority officers who were charged with this wrongdoing were treated much more harshly than white individuals who had been charged with much more serious crimes and that the treatment of minority officers was disparate from that of non-minority officers charged with the same or more serious crimes. Id. PP 26, 28. Finally, Plaintiff claims that, by terminating Plaintiff without preparing and serving formal disciplinary charges against him, without allowing him the requisite time to respond to same, and without holding a disciplinary trial, the Defendants failed and refused to follow their own rules and regulations with regard to the proper procedure for disciplining a correction officer. Id. P 29.

## DISCUSSION

### Title VII Claims

[*5] Defendants argue that the complaint should be dismissed as barred by the applicable statute of limitations, in that all of the events complained of occurred outside the 300-day time limitation imposed by Title VII on New York employment discrimination plaintiffs. In this connection, Defendants assert that the claims clearly fall outside of the relevant time limitation because Plaintiff's employment was, by operation of law, terminated as of a date in April 1998 and further argue that the termination was not, as a matter of law, an "employment practice" actionable under Title VII.

A court must not dismiss an action pursuant to Rule 12(b)(6) unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). In evaluating a motion to dismiss, the Court is obliged to take as true the facts as alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). [*6] The Court is also permitted to take into account the contents of documents attached to or incorporated in the complaint, Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989), as well as those documents which are "integral" to the complaint. San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir. 1996). In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), the Supreme Court overturned Second Circuit authority requiring Title VII plaintiffs to plead facts establishing a prima facie case of discrimination under the framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805-05, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). The Supreme Court held that plaintiffs must merely give defendants "fair notice of what [their] claims are and the grounds upon which they rest," Swierkiewicz, 122 S. Ct. at 999, and need not plead facts sufficient to make out a prima facie case of discrimination. Id. On a motion to dismiss a complaint, the issue "'is not whether a plaintiff will prevail but whether the claimant [*7] is entitled to offer evidence to support the claims ....'"

Villager Pond. Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)), cert. denied, 519 U.S. 808, 136 L. Ed. 2d 14, 117 S. Ct. 50 (1996).

Under the administrative remedy provision of Title VII, claims under the statute may not be brought in federal court unless a plaintiff has first filed a timely charge with the United States Equal Employment Opportunity Commission. 42 U.S.C.A. § 2000e-5. In New York, filing a charge with the Equal Employment Opportunity Commission or local agency within 300 days of the alleged discrimination is a prerequisite to bringing a Title VII action in federal district court. Alexander v. The Turner Corp., 2001 U.S. Dist. LEXIS 30, No. 00 Civ. 4677 (HB), 2001 WL 11062, *1 (S.D.N.Y. 2001); see Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000). An exception to the statute of limitations, however, "'extend[s] the limitations periods for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing [*8] alone, would have been barred by the statute of limitations.'" Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (citation omitted). This so-called "continuing violation" exception applies in cases that "involve discriminatory policies or mechanisms such as discriminatory seniority lists ... or discriminatory employment tests," and discrete incidents of discrimination that are specifically related and "are allowed to continue unremedied for so long as to amount to a discriminatory policy or practice." Lightfoot v. Union Carbide, 110 F.3d 898, 907 (2d Cir. 1997) (internal quotations omitted). In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002), the Supreme Court held that discrete discriminatory acts are not actionable if they occurred outside of the time when plaintiff files his or her EEOC charge, even if the acts are related to acts alleged in timely filed charges. Under the charge filing requirement of Title VII, "each discrete discriminatory act starts a new clock for filing charges alleging that act[,]" such that the charge must be filed within the 300-day time period after the discrete discriminatory [*9] act occurred. Morgan, 122 S. Ct. at 2072; see also Elmenayer v. ABF Freight System, Inc., 318 F.3d 130 (2d Cir. 2003) (applying Morgan to find that employer's rejection of employee's proposed accommodation of his religious process consisted of discrete acts rather than a continuing violation). "Multiple incidents of discrimination, even similar ones, that are not the result

of a discriminatory policy or mechanism do not amount to a continuing violation." Alexander, 2001 U.S. Dist. LEXIS 30, 2001 WL 11062, at *2 (citing Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1992).

Plaintiff alleges that the discriminatory actions of which he complains were related and that they culminated in the termination of his employment. Defendants, citing the October 6, 1999 filing date of Plaintiff's EEOC charge and proffering evidence of Plaintiff's April 1998 guilty plea to criminal charges in connection with the withholding tax scheme, evidence concerning an oath of office Plaintiff allegedly took, and documents allegedly executed by Plaintiff in connection with his appointment as a correction officer, argue that plaintiff's discriminatory termination [*10] charge, as well as all claims arising from events predating his termination, are untimely because Plaintiff's employment terminated as a matter of law on the date of his guilty plea (i.e., well outside the 300-day time limitation). Defendants premise their automatic termination argument on section 30(1)(e) of the New York State Public Officers Law, which provides that a public office "shall become vacant upon ... [the incumbent's] conviction of a felony, or a crime involving a violation of his oath of office." N.Y. Pub Off. Law § 30(1)(e) (McKinney 2001). Plaintiff, proffering a January 1999 letter from the Department of Corrections purporting to terminate his employment pursuant to section 30(1)(e), argues that his termination did not occur until that time and that his Title VII action is therefore timely.

The parties' arguments on these issues clearly turn on matters outside the pleadings. Such matters are not properly considered on a motion to dismiss a complaint pursuant to Rule 12(b)(6). Given the factual allegations of discrimination set forth in the complaint, which does not specify the date as of which Plaintiff's employment allegedly terminated and which, read in the light most [*11] favorable to Plaintiff, alleges that all of the actions complained of were part of a pattern of conduct targeting minority officers for disproportionately harsh treatment in connection with the tax scheme, it cannot be said that there is no set of facts consistent with the complaint under which the Plaintiff could show that his claim is, in whole or part, timely and sustainable on the merits. Accordingly, Defendants' motion is denied as to Plaintiff's Title VII claim.

*42 U.S.C. Section 1981, 1983 and 1988 and*

*Fourteenth Amendment Claims*

Plaintiff claims damages under federal civil rights statutes, 42 U.S.C. sections 1981, 1983, and 1988, and the Fourteenth Amendment of the United States Constitution for intentional race discrimination. Defendants argue that Plaintiff is collaterally estopped from litigating the issue of race discrimination by the finding of no probable cause on Plaintiff's race discrimination claims before the State Division of Human Rights ("SDHR"). The Complaint does not even allude to the SDHR finding; Defendant proffers a copy of the SDHR's August 2000 Determination and Order After Investigation. The Determination [*12] concludes that there was no probable cause to believe that the respondents had engaged in or were engaging in the unlawful discriminatory practices complained of in Plaintiff's complaint and ordered the complaint dismissed, finding that there was "insufficient evidence to support the [plaintiff's] contention that he was the subject of race and color discrimination by [defendant]" and that "the investigation failed to uncover a causal nexus between the treatment of which [Plaintiff] complains and the basis of the allegations cited in the complaint." See SDHR Determination and Order After Investigation, Ex. C to Notice of Mot. to Dismiss.

Under New York law, "'res judicata and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies ... when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law ....'" DeCintio v. Westchester County Medical Center, 821 F.2d 111, 117 (2d Cir.), cert. denied, 484 U.S. 825, 98 L. Ed. 2d 50, 108 S. Ct. 89 (1987) (quoting [*13] Ryan v. New York Telephone Co., 62 N.Y.2d 494, 499, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)). This principle is applicable to claims asserted under sections 1981, 1983, 1988 and the Fourteenth Amendment. Id. at 118 n. 13. Collateral estoppel applies "when the identical issue necessarily must have been decided in the prior action and will be decisive in the present action and the party to be precluded from litigating the issue must have had a full and fair opportunity to contest the prior determination." Doe v. Pfrommer, 148 F.3d 73, 79-80 (2d Cir. 1998). In applying collateral estoppel to administrative determinations, "'the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding.'" DeCintio, 821 F.2d at 117 (quoting Ryan v. New York Telephone Co., 62 N.Y.2d at 501).

Plaintiff asserts that the SDHR determination is not preclusive because it does not address all of the issues he seeks to raise in this Court [*14] and because he did not, in fact, have a full and fair opportunity to litigate the claim in the prior proceedings.

This issue is, again, one arising from and requiring consideration of matters outside the pleadings. Defendants' motion on this ground is denied, as the applicability of collateral estoppel is not apparent from the facts alleged in the complaint and there appear in any event to be factual issues material to resolution of the question as to whether one or both doctrines bars Plaintiff's section 1981and 1983 claims.

*State and City Claims*

Plaintiff also seeks relief for alleged employment discrimination under both Article 15 of the New York State Executive Law and Title 8 of the Administrative Code of the City of New York. Defendants assert that the state claims are barred by the statutory election of remedies provision of New York Executive Law section 297(9), which provides that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint hereunder or with any local commission of human rights ... provided that, where the Division [*15] [of Human Rights] has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9) (McKinney 2001). Similarly, Title 8-502(a) of the New York City

Administrative Code reads in pertinent part as

follows:

> any person claiming to be aggrieved by an unlawful discriminatory practice ... shall have a cause of action in any court of competent jurisdiction ... unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice.

NYC Admin. Code § 8-502(a). "When a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from 'commencing an action' in court regarding that discrimination." Moodie v. Fed. Reserve Bank, 58 F.3d 879, 882 (2d Cir. 1995). "The question is whether a sufficient identity of issue exists between the complaint before [*16] the division and the instant claim." Spoon v. American Agriculturalist, Inc., 103 A.D.2d 929, 478 N.Y.S.2d 174, 175 (1984). The election of remedies doctrine prevents pursuit in court of any claims arising from the same set of facts upon which the Plaintiff sought relief in the administrative forum. Because Plaintiff's sets

of claims arise of the same group of facts and it is undisputed that Plaintiff filed a complaint with SDHR, the state and city claims before this Court are barred.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is granted in part and denied in part. The motion to dismiss is denied as to Plaintiff's Title VII (First Claim) and 42 U.S.C. sections 1981, 1983and 1983, and Fourteenth Amendment claims (Fourth through Seventh Claims). Plaintiff's state and local law claims are dismissed (Second and Third Claims).

The parties shall promptly discuss settlement of this case and shall appear before the undersigned for a pre-trial conference on **September 22, 2003** at **2:30 p.m.**

IT IS SO ORDERED.

[*17]  Dated: August 18, 2003

LAURA TAYLOR SWAIN

United States District Judge

LEXSEE 2005 U.S. DIST. LEXIS 24632



Analysis
As of: Feb 05, 2008

**ANTHONY MENDEZ, Plaintiff, - against - THE CITY OF NEW YORK HUMAN RESOURCES ADMIN., VERNA EGGLESTON, JOANN SCHOONMAKER, JOSEPH SANTINO, and VINCENT MARTINO, Defendants.**

**04 Civ. 0559 (RWS)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**2005 U.S. Dist. LEXIS 24632**

**October 24, 2005, Decided
October 28, 2005, Filed**

**PRIOR HISTORY:** Mendez v. City of N.Y. Human Res. Admin., 2005 U.S. Dist. LEXIS 8579 (S.D.N.Y., May 10, 2005)

**COUNSEL:** [*1] ANTHONY MENDEZ, Plaintiff, Pro se, Far Rockaway, NY.

HONORABLE MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, Attorneys for Defendants, New York, NY, By: CHAD I. ROSENTHAL, Assistant Corporation Counsel, Of Counsel.

**JUDGES:** ROBERT W. SWEET, U.S.D.J.

**OPINION BY:** ROBERT W. SWEET

**OPINION**

**Sweet, D.J.,.**

Defendants the City of New York (the "City"), the Human Resources Administration of the City of New York ("HRA"), Joann Schoonmaker ("Schoonmaker"), Joseph Santino ("Santino"), and Vincent Martino

("Martino"), have moved pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the complaint of *pro se* plaintiff Anthony Mendez ("Mendez") in part. For the reasons set forth below, the motion is granted.

*Prior Proceedings*

Mendez, employed as a painter in HRA, filed his complaint on January 23, 2004, alleging that HRA failed to promote him to the position of Supervisor of Painters based upon his race, which Mendez identifies as "Puerto Rican," (Complt. P 3) and that Santino conspired with Schoonmaker and a Mr. Neenan to deliberately deny him the position based upon his race.

Mendez filed a charge of discrimination with the New York State Division of Human Rights [*2] ("SDHR") in December 2002 and with the EEOC. The SDHR found no probable cause in a decision dated August 23, 2003. By right to sue letter dated October 20, 2003, the EEOC adopted the decision of the SDHR.

The instant motion was fully submitted on July 27, 2005.

*Any Time-Barred Claims Are Dismissed*

Title VII claims brought in New York are subject to a 300-day statute of limitations for filing with the EEOC. *See* 42 U.S.C. § 2000e-5(e); *see also National Railroad Passenger Corp. ("AMTRAK") v. Morgan*, 536 U.S. 101, 113, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 327 (2d Cir. 1999). Any Title VII claims that are not encompassed within the administrative complaint or which accrued more than 300 days prior to the filing of the administrative complaint are barred by the applicable statute of limitations. *See Ford v. Bernard Fineson Development Ctr.*, 81 F.3d 304, 305 (2d Cir. 1996); *see also Harris v. City of New York*, 186 F.3d 243, 251 n.5 (2d Cir. 1999).

The complaint fails to clarify when the alleged discrimination and retaliation occurred. The charge of discrimination [*3] was filed on December 5, 2002. Therefore, any claim accruing prior to February 8, 2002 (300 days prior to December 5, 2002) is time-barred.

The statute of limitations under the NYSHRL is three years. *Koerner v. State of New York*, 62 N.Y.2d 442, 446, 467 N.E.2d 232, 233, 478 N.Y.S.2d 584, 585 (1984). Therefore, to the extent that Mendez is attempting to assert claims that are older than three years prior to the filing of the instant complaint, those claims are time-barred.

### Time VII Claims Against Individual Defendants Are Dismissed

It is well-settled that individuals cannot be sued under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995). In *Tomka*, the Second Circuit held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Id.* at 1313. Mendez cannot state a claim under Title VII against the individually named defendants. Therefore, all Title VII claims against all individually named defendants, including Schoonmaker, Santino, and Martino, are dismissed.

### The NYSHRL Claims Are Dismissed

The NYSHRL provides for [*4] two alternative fora for litigating discrimination claims under that statute. N.Y. Exec. L. § 297(9). The individual may either press the NYSHRL claim in an administrative forum or the individual may elect to proceed to court. This election of remedies precludes the individual from proceeding in both fora. *Moodie v. Federal Reserve Bank of NY*, 58 F.3d 879, 883-84 (2d Cir. 1995) (holding that filing in an administrative forum deprives courts of subject matter jurisdiction under pre-1997 version of § 297(9)). The only exception to this doctrine of mutually exclusive remedies, an exception inapplicable to the instant case, is a dismissal for administrative convenience. *See* N.Y. Statutes L. 1997, ch. 374; *see also Marine Midland Bank v. New York State Div. of Human Rights*, 75 N.Y.2d 240, 245, 552 N.Y.S.2d 65, 551 N.E.2d 558 (1989). If the SDHR dismisses a claim for administrative convenience then the individual may pursue that claim in court. *Id.* Otherwise, the pursuit of the same claim in two fora is prohibited by the statute. *See Oriol v. Mt. Sinai Hospital*, 201 A.D.2d 449, 450, 607 N.Y.S.2d 391 (2d Dep't [*5] 1994).

Here, Mendez has interposed the very same claims that he put forward in the NYSHRL charges, charge number 1A-E-OR-5806361, dated December 5, 2002. The claims in that charge include failure to promote and retaliation. The charge was dismissed by a "no probable cause" determination of the SDHR. Therefore, all of the NYSHRL claims in the case at bar are dismissed.

### All Claims Other Than Title VII Claims Are Dismissed

The Supreme Court has recognized that collateral estoppel may apply to determinations of administrative agencies which act in a judicial capacity, as well to decisions of other courts. *See University of Tennessee v. Elliott*, 478 U.S. 788, 797-98, 92 L. Ed. 2d 635, 106 S. Ct. 3220 (1986). The Court has also stated that the doctrine "is equally implicated whether fact-finding is done by a federal or a state agency." *Id.* at 798. In *DeCintio v. County of Westchester Medical Center*, the Second Circuit examined the question of whether a § 1983 claim would be barred on the basis of an earlier determination of the New York State Division of Human Rights that there was "no probable cause" to believe that the plaintiff had been discriminated [*6] against by his employer. 821 F.2d 111, 117-18 (2d Cir.), *cert. denied*, 484 U.S. 965, 98 L. Ed. 2d 395, 108 S. Ct. 455 (1987); *see also University of Tennessee*, 478 U.S. at 798 (issue preclusion may be had from administrative findings). The Second Circuit in *DeCintio* found that under New York law administrative determinations are given collateral estoppel effect and applied that doctrine to the finding of the State's Division of Human Rights. 821 F.2d at

117-18. The Court held that the informality of the process of the state agency did not deprive the determination of that agency of preclusive effect. The Second Circuit held that issue preclusion applied and dismissed the § 1983 claim. *Id.* The *DeCintio* court held that there was no issue preclusion effect from a SDHR claim to a Title VII claim because Congress in enacting Title VII did not intend for the mandatory administrative procedures to preclude the later pursuit of that same claim in court. Title VII is, therefore, a legislatively enacted exception to the general issue preclusion rules.

Here, the SDHR has held that there is no probable cause to believe that there was any discrimination in [*7] the alleged failure to promote and that there was no probable cause to believe that Mendez had been the subject of retaliation. Therefore, all claims contained in the charges filed with the SDHR, and which were decided by the SDHR, other than Title VII claims, are precluded and are dismissed.

### Claims Against Martino Are Dismissed

In his complaint Mendez does not set forth any factual allegations against Martino. As such, Mendez's complaint does not state a claim upon which relief can be granted. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) ("In assessing the sufficiency of a pleading to state a claim on which relief can be granted, the court is required to accept as true only the pleading's factual allegations, not the assertions of law."). A defendant should not be held to answer a complaint which makes no allegations against that defendant and [*8] which does not allege personal involvement of the defendant in the violation of the civil rights of the plaintiff. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Nor has Mendez outlined any possible supervisory involvement. *See Williams*, 781 F.2d at 323-24 (outlining possible

supervisory involvement under § 1983). Consequently, the action is dismissed against Martino in its entirety.

### HRA Is Dismissed

The complaint appears to be attempting to assert claims against HRA. HRA is an agency of the City created and existing by virtue of the New York City Charter. The New York City Charter further provides that "all actions or proceedings for the recovery of penalties for the violation of any law should be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." New York City Charter, Ch. 17, § 396. As a subdivision of the City of New York, it has long been held that the NYPD is not a suable entity. *See East Coast Novelty Co. v. City of New York*, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992); [*9] *see also Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996). This rationale also applies to the HRA. Therefore, all claims as against HRA, as opposed to the City, are dismissed.

### Conclusion

The motion to dismiss the complaint is granted and all claims against all defendants under the New York State Human Rights law are dismissed; all time-barred Title VII claims are dismissed; all Title VII claims against the individual defendants are dismissed; and all claims against defendants Martino and HRA are dismissed. Leave is granted to file an amended complaint within forty (40) days.

It is so ordered.

**New York, NY**

**October 24, 2005**

**ROBERT W. SWEET**

**U.S.D.J.**

LEXSEE 2006 U.S. DIST. LEXIS 67846

CHARLES MILLER, Plaintiff, - against - NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC., Defendant.

1:05-cv-05495-ENV-ETB

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW
YORK

2006 U.S. Dist. LEXIS 67846

September 19, 2006, Decided
September 21, 2006, Filed

**COUNSEL:** [*1] For Charles Miller, Plaintiff: John J. McGrath, Law Offices of John J. McGrath, Mineola, NY.

For National Association of Securities Dealers, Inc., Defendant: Christopher Howard Lowe, Seyfarth Shaw LLP, New York, NY; Peter Arnold Walker, Seyfarth Shaw, New York, NY.

**JUDGES:** ERIC N. VITALIANO, United States District Judge.

**OPINION BY:** ERIC N. VITALIANO

**OPINION**

**MEMORANDUM AND ORDER**

**VITALIANO, D.J.**

Plaintiff Charles Miller ("Miller") brings this action against his former employer, the National Association of Securities Dealers, Inc. ("NASD"), alleging that he was terminated from his employment at NASD on March 19, 2004 under circumstances giving rise to an inference of discrimination. Pursuant to Federal Rule of Civil Procedure 12(b)(6), NASD now moves to dismiss those portions of the complaint that assert claims for 1) discrimination under the New York State Human Rights Law ("NYSHRL") and 2) denial of pension benefits under New York's common law. For the reasons stated below, [*2] NASD's motion to dismiss the complaint as to these claims is granted.

**I. BACKGROUND**

Unless otherwise indicated, the following facts are taken from the complaint and are presumed to be true for the purpose of deciding this motion.

In 1985, Miller was hired by NASD as an examiner trainee. He was promoted to the position of field supervisor in 1990. Compl. P 2. [1] As a field supervisor, Miller's duties primarily involved examining member firms for compliance with NASD rules concerning their financial and operational condition as well as their sales practices. Compl. P 3; *see also* Lowe Decl. at Ex. B. [2] Through the year 2002 Miller received annual performance evaluations indicating that he exceeded or at least met his employer's expectations. Compl. P 4. However, on September 30, 2003, Miller was issued a written warning from his supervisor concerning alleged deficiencies in his work. In December 2003 he received a further "probation" notice from his supervisor alleging continuing deficiencies. Compl. PP 6-7. Shortly afterward, in January 2004, Miller received an unfavorable annual performance review for the first time in his 18 years of employment at NASD. Compl. [*3] P 8. NASD subsequently terminated Miller's employment by written notice on March 19, 2004. Compl. P 9.

1    "Compl." refers to the complaint of Charles Miller, dated October 26, 2005, which was originally filed in New York State Supreme Court, Nassau County, and was removed to this Court pursuant to 28 U.S.C. § 1446.

2    "Lowe Decl." refers to the Declaration of

Christopher H. Lowe, dated November 30, 2005.

On August 27, 2004, Miller filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") alleging that NASD violated NYSHRL, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA") by discriminating against him on the basis of his "age, race, sex, and creed." Compl. P 20; *see also* Lowe Decl. at Ex. C. After investigating plaintiff's complaint, NYSDHR issued a Determination and Order on December 22, 2004 stating that no probable cause existed to believe that NASD had engaged in, or was continuing [*4] to engage in, unlawful discriminatory practices against Miller. Compl. P 21. In the Determination and Order, Miller was also informed of his right to appeal the decision to the Supreme Court in the county wherein the alleged discriminatory practices took place within 60 days of service of NYSDHR's decision. *See* Lowe Decl. at Ex. D. Instead of pursuing this option, on January 7, 2005 Miller requested that the Equal Employment Opportunity Commission ("EEOC") review NYSDHR's Determination and Order. The EEOC did so, and adopted the findings of NYSDHR in March 2005. Compl. PP 22-23.

Miller filed the present action against NASD on June 6, 2005 in the Nassau County Supreme Court, alleging that NASD wrongfully terminated Miller's employment based "solely upon prohibited discriminatory factors," thus denying him a "pension to which he would have otherwise received in just over two years of his date of termination." Compl. P 15. The action was removed to this Court on November 23, 2005.

## II. DISCUSSION

A district court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only [*5] if it appears beyond doubt that the nonmoving party could prove no set of facts that would entitle it to relief or if the claim is not legally feasible. *See, e.g., Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.,* 322 F.3d 147, 158 (2d Cir. 2003); *Stamelman v. Fleishman-Hillard, Inc.,* 2003 U.S. Dist. LEXIS 13328, 2003 WL 21782645 at *2 (S.D.N.Y. July 31, 2003). Thus, the task of the court in ruling on a Rule 12(b)(6) motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence that

might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 176 (2d Cir. 2004)(citing *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). When deciding a motion to dismiss, the court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See, e.g., Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.,* 369 F.3d 27, 30 (2d Cir. 2004). [*6] In addition to the complaint, in deciding a Rule 12(b)(6) motion a court may also consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *See, e.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. AT & T Co.,* 62 F.3d 69, 72 (2d Cir. 1995).

Procedural Deficiencies: Local Civil Rule 7.1

As an initial matter, the Court notes that Miller failed to comply with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York by not submitting a memorandum of law in opposition to NASD's partial motion to dismiss. The rule provides:

> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied on in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points [*7] to be determined.

Taking heed of this rule, courts have observed in numerous cases that "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion. It is not necessary to reach the merits." *East 65 St. Realty Corp. v. Rinzler,* 2000 U.S. Dist. LEXIS 3537, No. 98-cv-6555, 2000 WL 303279, at *2 (S.D.N.Y. Mar. 22, 2000)(citations omitted); *see also* Toner v. United Bhd. of Carpenters, 1999 U.S. Dist. LEXIS 3967, No. 96-cv-0023, 1999 WL 178784, at *1 (S.D.N.Y. Mar. 31, 1999); *Broad v. DKP Corp.,* 1998

U.S. Dist. LEXIS 12942, No. 97-cv-2029, 1998 WL 516113, at *3 n.2 (S.D.N.Y. Aug. 19, 1998). Here, plaintiff's counsel submitted only an affirmation in opposition to defendant's motion to dismiss, which has expressly been found not to meet the requirements of Local Rule 7.1. *See, e.g.,* Microsoft Corp. v. K&E Computer Inc., 2001 U.S. Dist. LEXIS 3928, No. 00-cv-7550, 2001 WL 332962, at *1 (S.D.N.Y. Apr. 4, 2001)(noting that "[a]n affirmation alone will not satisfy the requirements of Rule 7.1"); *Broad,* 1998 U.S. Dist. LEXIS 12942, 1998 WL 516113, at *3 n.2. Moreover, the affirmation fails to set forth any statutes or case law whatsoever supporting [*8] Miller's opposition to defendant's motion to dismiss, *see* Aff. in Opp'n, [3] thus "effectively placing on the court the burden of conducting the initial legal analysis that is properly the responsibility of [plaintiff's] counsel." *Rotblut v. 300 E. 74th St. Owners Corp.,* 1997 U.S. Dist. LEXIS 242, No. 96-cv-5762, 1997 WL 16063, at *1 (S.D.N.Y. Jan. 16, 1997). Although this Court could properly grant defendant's partial motion to dismiss on the basis of these failings alone, the merits of the motion are equally compelling. Clearly, both on procedure and substance, NASD's motion must be granted.

    [3]    "Aff. in Opp'n" refers to the plaintiff's Affirmation in Opposition to Motion to Dismiss the Complaint in Part, dated February 21, 2006.

Claims Under the New York State Human Rights Law

    Section 297(9) of NYSHRL provides a cause of action to any person aggrieved by an unlawful discriminatory practice "in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . [*9] *unless such person had filed a complaint hereunder or with any local commission on human rights* . . . ." N.Y. EXEC. LAW § 297(9) (McKinney 2005)(emphasis added). This provision essentially requires a person alleging discrimination to elect between two different forums in seeking a remedy - either a court of competent jurisdiction or an adjudicatory agency, but not both. Giving effect to the words of the statute, "[t]he New York Court of Appeals held in *Emil v. Dewey,* 49 N.Y.2d 968, 406 N.E.2d 744, 428 N.Y.S.2d 887 (1980) (mem.), that . . . when a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from 'commencing an action' in court regarding that discrimination . . . ." *Moodie v. Fed. Reserve Bank,* 58

F.3d 879, 882 (2d Cir. 1995); *see also Hourahan v. Ecuadorian Line,* 1996 U.S. Dist. LEXIS 19435, No. 95-cv-10698, 1997 WL 2518, at *6 (S.D.N.Y. Jan. 3, 1997)(noting that "under the so-called election of remedies doctrine, an aggrieved individual has the choice of instituting either judicial or administrative proceedings. He may not, however, [*10] resort to both forums having invoked one procedure, he has elected his remedies.")

    Here, Miller acknowledges in his present complaint that he filed a prior complaint based on the same facts alleging violations of NYSHRL with NYSDHR, and litigated the prior complaint through to a Determination and Order. Compl. PP 20-21. In so doing, Miller elected his remedy with regard to any claims arising under NYSHRL and, as a result, this Court lacks subject matter jurisdiction over those claims. *See, e.g., York v. Ass'n of the Bar,* 286 F.3d 122, 125-128 (2d Cir. 2005)(dismissing plaintiff's NYSHRL claims where plaintiff filed a prior state administrative action based on the same facts, the Division of Human Rights issued a determination on the merits, and the plaintiff did not choose to appeal the determination to the Supreme Court); *Ganthier v. North Shore-Long Island Jewish Health Sys., Inc.,* 345 F. Supp. 2d 271, 282-83 (E.D.N.Y. 2004)(dismissing plaintiff's state law discrimination claims because plaintiff filed a prior complaint with NYSDHR, which dismissed the complaint after finding no probable cause that the [*11] defendant had discriminated against the plaintiff); *Lyman v. City of New York,* 1997 U.S. Dist. LEXIS 12340, No. 96-cv-2382, 1997 WL 473976, at *4 (S.D.N.Y. Aug. 20, 1997) (dismissing plaintiff's NYSHRL claims for lack of subject matter jurisdiction where plaintiff had filed an administrative complaint before filing in federal court); *Mahadi v. Johnson Controls, Inc.,* 2003 U.S. Dist. LEXIS 8234, No. 02-cv-1256, 2003 WL 21244545, at *4-5 (E.D.N.Y. Apr. 25, 2003)(also dismissing plaintiff's NYSHRL claims under the election of remedies doctrine where plaintiff had filed an administrative complaint with NYSDHR, which then proceeded to adjudicate the complaint on the merits). Thus, to the extent Miller raises claims under NYSHRL in this action, such claims must be dismissed by this Court for lack of subject matter jurisdiction.

Claims Under New York's Common Law

    Finally, to the extent that plaintiff intends to assert a claim for wrongful termination under New York law

arising from his allegation that he was fired by NASD "for the purpose of denying him . . . a pension to which he would have otherwise received in just over two years of his date of termination," *see* Compl. P 15, any such [*12] state law claim is expressly preempted by the Employee Income Retirement Security Act of 1974 ("ERISA").

Congress enacted ERISA so that employers could rely on a single, uniform system of regulation for employee benefit plans and avoid "the crazy quilt of varying and even conflicting state laws to which employers would otherwise be subjected in administering their plans." *Yoran v. Bronx-Lebanon Hosp. Ctr.,* 1999 U.S. Dist. LEXIS 8679, 96-cv-2179, 1999 WL 378350, at *4 (S.D.N.Y. June 10, 1999) (citing *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656-57, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995)). To facilitate achievement of this goal, the ERISA statute includes an express preemption clause that, in relevant part, mandates that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). As pointed out by the Supreme Court, this particular preemption clause is especially "conspicious for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee [*13] benefit plan governed by ERISA." *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S. Ct. 403, 112 L. Ed. 2d 356 (1990); *see also Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990)(citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983))(noting that "[t]he key to § 514(a) is found in the words 'relate to' . . . Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause 'applicable only to state laws relating to the specific subjects covered by ERISA.'"). Indeed, after considering the congressional intent manifested in ERISA's expansive preemption clause, courts have found that a wide variety of state law claims are preempted by ERISA. *See, e.g., Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 829-30, 108 S. Ct. 2182, 100 L. Ed. 2d 836 (1988); *Metro, Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47-48, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987); *Smith v. Dunham-Bush, Inc.,* 959 F.2d 6, 10 (2d Cir. 1992).

In the case at bar, there is no doubt that Miller's claim that he was terminated by NASD at least in part [*14] due to NASD's alleged desire to wrongfully deprive him of his pension benefits "relates to" a pension plan within the meaning of ERISA. In *Ingersoll-Rand,* plaintiff sued his former employer in Texas state court alleging that a principal reason for his termination was the company's desire to cease contributing to his pension fund, which he asserted would have vested four months after he was fired. *Ingersoll-Rand,* 498 U.S. at 135-36. The Supreme Court held that plaintiff's state claim was expressly preempted by § 514(a) of ERISA since a court considering a state law claim that an employee was wrongfully terminated "because of the employer's [alleged] desire to avoid contributing to, or paying benefits under, the employee's pension fund," would have to find, among other things, that an ERISA plan actually existed in the first place. *Id.* at 140. Accordingly, such an action "related to" ERISA rights within the expansive meaning of § 514(a), and was, therefore, preempted. *Id.* at 139-142. The facts here are very similar: plaintiff is claiming that he was wrongfully discharged in order to prevent him from attaining [*15] pension benefits to which he would have become entitled within approximately two years of his date of termination. *See* Compl P 15. Thus, to the extent plaintiff is attempting to make out a state common law claim for wrongful discharge based on the defendant's alleged intent to deprive him of his pension benefits, such a claim is preempted by ERISA and must be dismissed under *Ingersoll-Rand.* [4]

> 4   Cf. *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 288 (2d Cir. 1992)(holding that "[a] state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted"); *Yoran,* 1999 U.S. Dist. LEXIS 8679, 1999 WL 378350 at *4, *7 (noting that a plaintiff's allegation that his employer terminated him as a ruse to avoid paying him retirement benefits, if construed as an attempt to make out a wrongful discharge claim under New York law, would be preempted by ERISA under *Ingersoll-Rand*).

## III. CONCLUSION

For the foregoing [*16] reasons, plaintiff Charles Miller's claims 1) that he was discriminated against in employment in violation of the New York State Human

Rights Law and 2) that under New York law he was wrongfully terminated for the purpose of denying him pension benefits are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Miller's claims under Title VII and the Age Discrimination in Employment Act are not challenged on this motion and their status is unaffected by this Memorandum and Order.

Lastly, pursuant to the March 10, 2006 order of Magistrate Judge Boyle, all discovery in this matter was to be concluded by September 11, 2006. If discovery has been completed, the parties shall appear before Magistrate Judge Boyle, as that same order directs, on October 3, 2006 at 11:00 a.m., for the final pretrial conference. If discovery has not been completed, counsel shall forthwith advise Magistrate Judge Boyle that discovery is incomplete and schedule before him an immediate conference to resolve any and all outstanding discovery issues.

SO ORDERED.

Dated: Brooklyn, New York

September 19, 2006

ERIC N. VITALIANO

United States [*17] District Judge