UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

WALID EL SAYED,                           :

                    Plaintiff,            :

        - against -                       :        **MEMORANDUM DECISION**

HILTON HOTELS CORP. et al.,               :        07 Civ. 11173 (DC)

                    Defendants.           :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**        MARTIN S. STREIT, ESQ.
                        Attorney for Plaintiff
                        386 Park Avenue South, Suite 1914
                        New York, New York  10016

                        JACKSON LEWIS LLP
                        Attorneys for Defendants
                            By:  Diane Windholz, Esq.
                                 Nicole Q. Saldana, Esq.
                        59 Maiden Lane
                        New York, New York  10038

**CHIN, District Judge**

        Plaintiff Walid El Sayed brings this employment

discrimination action against defendants Hilton Hotels

Corporation ("Hilton Hotels"), Hilton Grand Vacations Club, Inc.

("Hilton Grand"), New York Hilton and Towers ("N.Y. Hilton";

together, "Hilton"), and Barbara Still, housekeeping director at

N.Y. Hilton.  He asserts claims of national origin, ethnic,

religious, and racial discrimination in violation of the New York

State Human Rights Law, Executive Law § 269 et seq. ("State

HRL"), the New York City Human Rights Law, N.Y.C. Admin. Code §

8-109 ("City HRL"), Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981(b) ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983").

Defendants move to dismiss the State HRL and City HRL claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  They argue that these claims are barred because El Sayed elected his state law administrative remedies.  Defendants move to dismiss El Sayed's Section 1981 claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  They argue that the complaint does not allege racial discrimination or assert any facts that demonstrate discrimination on the basis of race, a requirement of a claim under Section 1981.

For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

### A.   Facts

For purposes of this motion, the facts alleged in the complaint are assumed to be true.

#### 1.   The Parties

El Sayed is a naturalized United States citizen who has been residing in New York City since 1996.  He is a Muslim of Egyptian and Arabic descent.  (Compl. ¶ 2).  El Sayed was employed by Hilton Grand and N.Y. Hilton from December 20, 2004 to August 7, 2006.  He was hired as an assistant to Still, the

-2-

housekeeping director at N.Y. Hilton. (Id. ¶ 4). Still supervised plaintiff for the duration of his employment at N.Y. Hilton. (Id. ¶ 5).

Hilton Hotels is a global hospitality company with nearly 2,800 hotels in more than 80 countries. Hilton Grand and N.Y. Hilton are part of the Hilton family of brands and hotels. (Id. ¶ 3).

## 2.  **Discriminatory Acts**

El Sayed alleges multiple instances of discrimination. Valerie Joseph, a supervisor at N.Y. Hilton, made blatant and abusive discriminatory remarks to Plaintiff, referring to him as "Muslim Taliban." (Id. ¶ 10). Joseph "verbally harangued" El Sayed during staff meetings in front of other employees (Id. ¶ 26). El Sayed complained of discrimination to Still and to other persons in the corporate hierarchy, but because of his ethnic and religious background, the situation was not addressed. (Id.). Because of his complaints, El Sayed's co-workers were hostile to him. (Id. ¶ 10).

As a result of the name-calling, plaintiff was forced to "hide" or "downplay" his national origin and background. (Id. ¶ 27). Because of the discrimination, and because defendants condoned it by their inaction, El Sayed felt unwelcome asserting his authority as an assistant manager. He felt that he was perceived as being associated with the Taliban. (Id. ¶ 11). El

-3-

Sayed suffered pain, humiliation, embarrassment, and anxiety because of this ridicule and harassment. (Id. ¶¶ 13, 28).

In addition, El Sayed worked long hours without any overtime compensation.  He was entitled to paid time off in lieu of overtime, and although he worked overtime hours each night, he was denied his paid time off.  (Id. ¶ 15).

Further, El Sayed was intentionally denied any consideration for promotion.  Hilton posted a job opening while he was away, but the position was filled in one day, and he was denied the opportunity to apply.  (Id.).  El Sayed was informed that he was not qualified for the promotion because of the report of a disciplinary action in his personnel file submitted by Still.  El Sayed did not do anything to merit the disciplinary action; the report was placed in his file with the intent to hinder his success in the company.  A less qualified person was given the position.  (Id.).

### 3.   Relationship with Still

Still was El Sayed's supervisor.  (Id. ¶ 6).  El Sayed complained to her several times and asked her to stop the discriminatory and offensive name-calling by other employees.  She repeatedly failed to take proper corrective action or bring the issue to a higher authority.  Rather, Still expected El Sayed to have "thicker skin" and overlook the offenses.  (Id. ¶ 23).  When El Sayed complained about the discrimination to others in

-4-

higher positions of authority in the company, Still was offended that he went "over her head."  (Id.).

Still did not want to see El Sayed improve the productivity of the housekeeping employees or customer service satisfaction because of his racial and religious background. (Id. ¶ 12).  El Sayed was encumbered from initiating projects. (Id. ¶¶ 11, 12).  After El Sayed tried to implement a courtesy bathrobe and towel service for the VIP floors of the hotel, an idea about which Hilton Grand was enthusiastic, Still stalled the project and blamed the delays on El Sayed.  (Id. ¶ 9).

Still second-guessed El Sayed's decisions because she believed that "no implementation projects should be welcomed from a foreign-born Muslim of Arabic descent in an American hotel unless [they] pertain[] to cleaning the bathroom."  (Id. ¶ 16).

Still intentionally included numerous negative and critical comments about El Sayed's work on his annual review, even though he was an exceptional and dedicated worker.  She gave a "final warning" on his June 2005 annual review because he complained that he was entitled to paid time off.  Still's comments had a detrimental effect on El Sayed's prospects of advancement within the company.  (Id. ¶ 15).

### 4.    El Sayed's Dismissal

El Sayed received a 100% rating from the Quality & Assurance inspectors, a score not easily achieved.  (Id. ¶ 12).

-5-

Despite the perfect score, El Sayed was discharged one or two months after he complained of discrimination.  (Id. ¶ 14).

Defendants conspired against El Sayed by forming a "termination committee" with a plan to terminate plaintiff's employment.  (Id. ¶¶ 13, 18).  N.Y. Hilton and Hilton Hotels turned a blind eye to El Sayed's allegations of discrimination.  (Id. ¶ 24).

Still discovered that El Sayed did not disclose prior short-term employment with the Muse Hotel on his job application when he applied for the position at N.Y. Hilton almost two years earlier.  This was a technicality to get rid of El Sayed. Defendants contrived a lie that the omission from El Sayed's employment application was "gross misconduct" and that he was therefore subject to immediate dismissal.  (Id. ¶ 18).  Because of his national origin, religion, and ethnic background, the termination decision was made without consideration of alternative disciplinary actions for the omission of the information from his application, and without regard to plaintiff's satisfactory work performance for Hilton.  (Id. ¶¶ 12, 18).

El Sayed was suspended without warning or investigation on August 7, 2006, the day Still discovered the omission.  El Sayed was discharged, in retaliation for his complaint of discrimination, on August 9, 2006.  (Id. ¶¶ 10, 17).

-6-

**B.   Procedural History**

### 1.   Administrative Proceedings

El Sayed filed a verified complaint alleging employment discrimination in violation of the State HRL with the New York State Division of Human Rights (the "Division") on February 2, 2007.   (Compl. Ex. A).  On July 31, 2007, after investigation, the Division ruled in favor of Hilton Hotels and N.Y. Hilton, finding "that there is NO PROBABLE CAUSE to believe that the [defendants] have engaged in or are engaging in the unlawful discriminatory practice complained of."  (Id. Ex. B). Specifically, the Division noted that defendants articulated legitimate, non-discriminatory reasons for their actions.  (Id.).

Subsequently, by letter dated August 7, 2007, El Sayed requested that the U.S. Equal Opportunity Employment Commission (the "EEOC") review the Division's decision.  (Id. Ex. D).  On September 14, 2007, the EEOC dismissed the complaint, adopted the finding of the Division, and issued a right to sue letter.  (Id. Ex. C).  El Sayed submitted a letter of reconsideration to the EEOC dated September 28, 2007.  The EEOC has not responded to this letter.  (Id. ¶ 9).

### 2.   This Suit

Represented by counsel, El Sayed commenced this action on December 12, 2007, alleging national origin, ethnic, religious, and racial discrimination in violation of the State

-7-

HRL, the City HRL, Title VII, Section 1981, and Section 1983. In
an order dated February 6, 2008, the Court dismissed El Sayed's
claim under Section 1983 because El Sayed did not allege that
defendants acted under color of state law. The Title VII claim
against Still was also dismissed. El Sayed's State HRL, City
HRL, and Section 1981 claims against all defendants remain, as
well as his Title VII claim against Hilton Hotels, Hilton Grand,
and N.Y. Hilton.

In this partial motion to dismiss, defendants seek to
dismiss plaintiff's State HRL, City HRL, and Section 1981 claims
pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of
Civil Procedure. As plaintiff's counsel did not respond to the
motion, the Court decides the motion without the benefit of
plaintiff's input.

## DISCUSSION

## A.   Motion to Dismiss the State HRL and City HRL Claims for Lack of Subject Matter Jurisdiction

### 1.   Standard of Review

In considering a motion to dismiss for lack of subject
matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), federal
courts "need not accept as true contested jurisdictional
allegations." Jarvis v. Cardillo, No. 98 Civ. 5793 (RWS), 1999
U.S. Dist. LEXIS 4310 at *7 (S.D.N.Y. Apr. 6, 1999). Rather, a
court may resolve disputed jurisdictional facts by referring to
evidence outside the pleadings, such as affidavits. See Zappia

-8-

Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

As the party "seeking to invoke the subject matter jurisdiction of the district court," Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996), the plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in the case, Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Though "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," Guadagno v. Wallack Ader Levithan Assoc., 932 F. Supp. 94, 95 (S.D.N.Y. 1996), a court should "'constru[e] all ambiguities and draw[] all inferences' in a plaintiff's favor." Aurecchione, 426 F.3d at 638 (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).

## 2.   **Applicable Law**

Section 297(9) of the State HRL provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction." N.Y. Exec. Law § 297(9). "'The language of the [City HRL] is nearly identical to that of [the State HRL],' and discussion of the latter applies equally to the former." York v. Ass'n of the Bar ("York II"), 286 F.3d 122, 127 (2d Cir. 2002) (quoting and affirming York v. Ass'n of the Bar ("York I"), No.

-9-

00 Civ. 5961, 2001 U.S. Dist. LEXIS 9457, at *15 (S.D.N.Y. July 9, 2001).

Both laws contain an "election of remedies" provision "that bars 'a person who has filed a complaint . . . with any local commission on human rights' from filing a lawsuit for the same cause of action." York I, 2001 U.S. Dist. LEXIS 9457, at *14 (quoting N.Y. Exec. Law § 297(9)); see N.Y.C. Admin. Code § 8-502(a); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000); Vails v. Police Dep't of the City of New York, 54 F. Supp. 2d 367, 375 (S.D.N.Y. 1999). "Thus, . . . [State HRL] and [City HRL] claims, once brought before the [Division], may not be brought again as a plenary action in another court." York II, 286 F.3d at 127.

An exception to the election of remedies doctrine provides that where a complaint filed with a local human rights commission is dismissed for administrative convenience, a person is not barred from filing a plenary lawsuit. N.Y. Exec. Law § 297(9); Whidbee, 223 F.3d at 75; Pugh v. Mem'l Sloan Kettering Cancer Ctr., No. 97 Civ. 8594, 1998 U.S. Dist. LEXIS 4451, at *5 (S.D.N.Y. April 6, 1998). The statute provides a second exception where a complaint was filed by the EEOC with the Division pursuant to the Title VII requirement that all complaints filed directly with the EEOC be referred to the Division. See N.Y. Exec. Law § 297(9) (citing 42 U.S.C. § 2000e-

-10-

5(c)); see also Morelli v. Cedel, No. 96 Civ. 2874, 1997 U.S. Dist. LEXIS 1356, at *24 (S.D.N.Y. Feb. 11, 1997), vacated in part on other grounds, 141 F.3d 39 (2d Cir. 1998).

Accordingly, unless one of the two exceptions applies, when a plaintiff files a complaint with the Division, no State HRL and City HRL claims arising from the same facts can be adjudicated in federal court. Smith v. City of New York, No. 03 Civ. 1252 (NRB), 2008 U.S. Dist. LEXIS 37067, at *23-24 (S.D.N.Y. May 6, 2008); see McNulty v. New York City Dep't of Fin., 45 F. Supp. 2d 296, 303 (S.D.N.Y. 1999)(holding that plaintiff is foreclosed from bringing State HRL or City HRL claims in federal court after electing to pursue a claim with the Division).

### 3.   **Application**

In this case, the facts giving rise to El Sayed's State HRL and City HRL claims also form the basis for his prior claim before the Division. Although El Sayed's administrative claim alleged only violations of state as opposed to city laws, he is now foreclosed from bringing either State HRL or City HRL claims before this Court.   McNulty, 45 F. Supp. 2d at 303-04; see Dipalto v. New York City Off Track Betting Corp., No. 94 Civ. 5773 (KMW), 1998 U.S. Dist. LEXIS 7984, at *6-8 (S.D.N.Y. May 19, 1998); Hourahan v. Ecuadorian Line, Inc., No. 95 Civ 10698 (AGS), 1996 U.S. Dist. LEXIS 19435, at *19-20 (S.D.N.Y. Dec. 31, 1996)

-11-

(dismissing State HRL claims because plaintiff previously filed administrative complaint alleging violations of City HRL).

The result is the same even though Hilton Grand and Still were not named defendants in the administrative complaint. Because the present claims against them are based on the same facts as the administrative complaint filed with the Division, El Sayed is barred from commencing an action against the additional defendants in this Court. Lyman v. City of New York, No. 96 Civ. 2382 (PKL), 1997 U.S. Dist. LEXIS 12340, at *14 (S.D.N.Y. Aug. 19, 1997) (dismissing claims against defendant not named in administrative complaint when arising from same facts as the claims raised in administrative complaint)(quoting Brown v. Wright 226 A.D.2d 570, 571 (2d Dep't 1996)("[T]he plaintiff could not commence an action in the court, arising out of the same facts, against an additional defendant who was not named in the administrative complaint.")).

The exceptions to the election of remedies doctrine do not apply here. El Sayed's case was dismissed because the Division found no probable cause; it was not dismissed for administrative convenience. Moreover, the Title VII exception is not relevant because El Sayed filed initially with the Division, not the EEOC. Thus, the election of remedies doctrine precludes El Sayed from pursuing his State HRL and City HRL claims in this Court.

-12-

Accordingly, El Sayed's State and City HRL claims are dismissed.

## B. Motion to Dismiss the Section 1981 Claim for Failure to State a Claim Pursuant to Rule 12(b)(6)

### 1. Standard of Review

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see Erickson v. Pardus, 127 S. Ct. 2197, 2199 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in Bell Atlantic, the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" requirement. Bell Atl. Corp., 127 S. Ct. at 1969. As interpreted by the Second Circuit, Bell Atlantic did not announce a "universal standard of heightened fact pleading, but . . . instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The question is whether the pleading alleges "'enough facts to state a claim for

-13-

relief that is plausible on its face.'" <u>Patane v. Clark</u>, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1974).

"'[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations'" and will not defeat the motion. <u>Gavish v. Revlon, Inc.</u>, No. 00 Civ. 7291 (SHS), 2004 U.S. Dist. LEXIS 19771, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting <u>Citibank, N.A. v. Itochu Int'l, Inc.</u>, No. 01 Civ. 6007 (GBD), 2003 U.S. Dist LEXIS 5519, at *2 (S.D.N.Y. Apr. 4, 2003)).

## 2.   **Applicable Law**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. Although Section 1981 does not itself use the word "race," the United States Supreme Court has construed the section to forbid all "racial" discrimination in the making of private and public contracts. <u>Saint Francis Coll. v. Al-Khazraji</u>, 481 U.S. 604, 609 (1987). <u>See also Williams v. New York City Hous. Auth.</u>, No. 05 Civ. 2750 (DC), 2007 U.S. Dist. Lexis 91134, at *11 (S.D.N.Y. Dec. 3, 2007) ("Section 1981 'prohibits racial discrimination in the making and enforcement of private contracts.'") (quoting <u>Otero v. New York City</u>, No. 98 Civ. 8817, 1999 U.S. Dist LEXIS

-14-

166, at *7 (S.D.N.Y. Jan. 14, 1999); <u>Hussein v. Pierre Hotel</u>, No. 99 Civ. 2715 (DC), 2000 U.S. Dist. LEXIS 8225, at *7-8 (S.D.N.Y. June 13, 2000); <u>Anderson v. Conboy</u>, 156 F. 3d 167, 170 (2d Cir. 1998). This includes employment contracts. <u>See, e.g.,</u> <u>Williams</u>, No. 05 Civ. 2750, 2007 U.S. Dist. LEXIS 91134, at *1 (S D.N.Y. Nov. 30, 2007).

To state a Section 1981 claim, a plaintiff must allege: (1) he "is [a] member of a racial minority"; (2) there was "an intent to discriminate on the basis of race by the defendant"; and (3) "the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." <u>Dove v. Fordham Univ.</u>, 56 F. Supp. 2d 330, 338 (S.D.N.Y. 1999) (quoting <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087 (2d Cir. 1993)). "The essential elements of the claim are actions that were racially motivated and purposefully discriminatory." <u>Dove</u>, 56 F. Supp. 2d at 338 (citing <u>General Bldg. Contractors Ass'n, Inc. v. Pa.</u>, 458 U.S. 375, 391, (1982)).

"To survive a motion to dismiss a claim under Section 1981, a complaint 'must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'" <u>Williams</u>, 2007 U.S. Dist. LEXIS 91134, at *12 (quoting

-15-

Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994)).

### 3.    **Application**

There is no dispute as to the third element of the
cause of action, that the discrimination concerned an activity
enumerated in the statute.  The element is satisfied because the
alleged discrimination occurred in the context of El Sayed's
employment, and the statute covers the making and enforcement of
contracts.

At issue in this case are the first and second elements
of the cause of action:  whether El Sayed alleges that 1) he is
a member of a racial minority, and (2) defendants intended to
discriminate on the basis of race.  Defendants argue that El
Sayed did not adequately allege "racial" discrimination in his
complaint, or assert any facts that demonstrate discrimination on
the basis of race.  They argue that the alleged national origin
and religious discrimination are not actionable under Section
1981.

The argument is rejected.  On their own, claims of
national origin and religious discrimination are not actionable
under Section 1981; the second element requires that plaintiff
must allege racial discrimination.  Hussein, No. 99 Civ. 2715,
2000 U.S. Dist. LEXIS 8225, at *7 (S.D.N.Y. June 13, 2000) ("It
is well settled that [Section] 1981 does not prohibit
discrimination on the basis of religion or national origin.");

-16-

see Anderson, 156 F.3d at 170 (citing Saint Francis Coll., 481
U.S. at 609).  But El Sayed did not limit his claims to national
origin and religion.  He specifically alleges racial
discrimination in his complaint in paragraphs 10, 12, and 13.
For example, El Sayed references "an overt circumstance of racial
and religious harassment in the workplace." (Compl. ¶ 13)
(emphasis added).  El Sayed adequately alleges events from which
a reasonable jury could plausibly infer a racially discriminatory
intent on the part of defendants.  Thus, the second element is
satisfied.

       Furthermore, El Sayed asserts that much of the
discrimination he experienced was due to his "ethnicity."  (E.g.,
Compl. ¶¶ 12-13)  The Supreme Court has ruled that:

     [b]ased on the history of [Section] 1981, we have
     little trouble in concluding that Congress intended
     to protect from discrimination identifiable classes
     of persons who are subjected to intentional
     discrimination solely because of their ancestry or
     ethnic characteristics.  Such discrimination is
     racial discrimination that Congress intended
     [Section] 1981 to forbid, whether or not it would
     be classified as racial in terms of modern
     scientific theory.

Saint Francis Coll., 481 U.S. at 613; see Dombrowski v. City of
N.Y., 116 F.3d 465 (2d Cir. 1997)(citing Zemsky v. City of N.Y.,
821 F.2d 148, 150 (2d Cir. 1987)).  Because Section 1981 was
meant to apply to discrimination based on ethnic characteristics,
even if El Sayed had not explicitly referred to "race" in his
complaint, a claim of discrimination based on ethnicity is an

-17-

adequate allegation for purposes of Section 1981.  Clearly, he alleges discrimination based on his ancestry and ethnicity.

The first element of the cause of action requires a plaintiff to assert that he is a member of a racial minority. Though he does not do so explicitly, by identifying himself as of "Egyptian/Arabic descent," El Sayed adequately alleges that he is a member of a racial minority for the purposes of Section 1981. See Saint Francis Coll. 481 U.S. at 613 ("If respondent . . . can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under [Section] 1981.").

Accordingly, all of the elements of the cause of action are pled, and defendants' motion to dismiss El Sayed's Section 1981 claim is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted in part and denied in part.  The State HRL and City HRL claims are dismissed because they are barred by plaintiff's election of his administrative remedies.  Plaintiff may proceed with his Section 1981 claim against all defendants. The Title VII claim against Hilton remains as well.  All

-18-

discovery shall be complete by November 21, 2008; a pretrial

conference will be held on that date at 11:00 a.m.

       SO ORDERED.

Dated:   New York, New York
          August 7, 2008

                                    DENNY CHIN
                                    United States District Judge