Case 1:07-cv-11173-DC    Document 13    Filed 08/21/2008    Page 1 of 8

JACKSON LEWIS LLP
59 MAIDEN LANE
NEW YORK, NY 10038-4502
TELEPHONE (212) 545-4000
ATTORNEYS OF RECORD:
      Diane Windholz (DW 9806)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| WALID M. ELSAYED,<br><br>            Plaintiff,<br><br>vs.<br><br>HILTON HOTELS CORPORATION, HILTON GRAND VACATION CLUB, INC., NEW YORK HILTON AND TOWERS, AND BARBARA STILL, Housekeeping Director.<br><br>            Defendants. | Civil Action No. 07 Civ. 11173 (DC)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Hilton Hotels Corporation, Hilton Grand Vacations Company, LLC (incorrectly named as "Hilton Grand Vacation Club, Inc."), New York Hilton & Towers and Barbara Still (herein collectively referred to as "Defendants") answer the Complaint of Plaintiff as follows:

    1.    Defendants deny each and every allegation set forth in Paragraph "1" of the Complaint, except aver that Plaintiff purports to bring this action to "redress deprivation of Plaintiff's civil rights" under the New York State Human Rights Law, the New York City Human Rights Law and Title VII of the Civil Rights Act of 1964.[1]

    2.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "2" of the Complaint.

---

[1] Defendants note that the Court dismissed Plaintiff's claims based on the New York State Human Rights Law and New York City Human Rights Law in a decision dated August 7, 2008.

3.      Defendants deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Defendant Hilton Hotels Corporation is a leading global hospitality company, with nearly 2,800 hotels and 485,000 rooms in more than 80 countries with 150,000 team members worldwide and further admit that more than 2,300 hotels are owned, managed or franchised in the U.S.A. with a portfolio of some of the best known and highly regarded hotel brands including Hilton Grand Vacations.

4.      Defendants deny each and every allegation set forth in Paragraph "4" of the Complaint, except aver that Plaintiff was employed by Hilton Hotels Corporation from December 20, 2004 through August 9, 2006.

5.      Defendants admit the allegations in Paragraph "5" of the Complaint.

6.      Defendants deny each and every allegation set forth in Paragraph "6" of the Complaint, except aver that Defendant Barbara Still supervised Plaintiff while he worked at the New York Hilton and Towers.

## AS TO "JURISDICTION AND VENUE"

7.      Defendants deny each and every allegation set forth in Paragraph "7" of the Complaint, except aver that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1343(4), 28 U.S.C.A. § 2201, 28 U.S.C.A. § 2202, 42 U.S.C.A. § 1983, Title VII, 42 U.S.C.A. §§ 2000, 42 U.S.C.A. § 1981 and 28 U.S.C.A. § 1367.

8.      Defendants deny each and every allegation set forth in Paragraph "8" of the Complaint, except aver that Plaintiff alleges that venue is proper under 28 U.S.C.A. § 1391.

9.      Defendants deny each and every allegation set forth in Paragraph "9" of the Complaint, except admit that Plaintiff filed a complaint with the New York State Division of Human Rights, Case No. 10116030, Federal Charge No. 16GA701594, that the Division issued a Determination and Order After Investigation dated July 31, 2007 dismissing Plaintiff's

Complaint and finding that Defendants articulated legitimate, non-discriminatory reasons for its actions, that by letter dated August 7, 2007 to the EEOC, Plaintiff sought review of the Division's determination, that the EEOC issued a Dismissal and Notice of Rights dated September 14, 2007 adopting the findings of the State Division and that, by letter to the EEOC dated September 28, 2007, Plaintiff requested reconsideration.

## AS TO "GENERAL ALLEGATIONS"

10.    Defendants deny each and every allegation set forth in Paragraph "10" of the Complaint.

11.    Defendants deny each and every allegation set forth in Paragraph "11" of the Complaint.

12.    Defendants deny each and every allegation set forth in Paragraph "12" of the Complaint.

13.    Defendants deny each and every allegation set forth in Paragraph "13" of the Complaint.

14.    Defendants deny each and every allegation set forth in Paragraph "14" of the Complaint.

15.    Defendants deny each and every allegation set forth in Paragraph "15" of the Complaint.

16.    Defendants deny each and every allegation set forth in Paragraph "16" of the Complaint.

17.    Defendants deny each and every allegation set forth in Paragraph "17" of the Complaint, except admit Plaintiff was suspended on August 7, 2006 and terminated effective August 9, 2006.

18.    Defendants deny each and every allegation set forth in Paragraph "18" of the Complaint.

## AS TO "COUNT TWO"

19.    Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "18," inclusive, as though fully set forth herein in response to Paragraph "19" of the Complaint.

20.    Defendants deny each and every allegation set forth in Paragraph "20" of the Complaint.

21.    Defendants deny each and every allegation set forth in Paragraph "21" of the Complaint.

22.    Defendants deny each and every allegation set forth in Paragraph "22" of the Complaint.

23.    Defendants deny each and every allegation set forth in Paragraph "23" of the Complaint.

24.    Defendants deny each and every allegation set forth in Paragraph "24" of the Complaint.

25.    Defendants deny each and every allegation set forth in Paragraph "25" of the Complaint.

26.    Defendants deny each and every allegation set forth in Paragraph "26" of the Complaint.

27.    Defendants deny each and every allegation set forth in Paragraph "27" of the Complaint.

28.    Defendants deny each and every allegation set forth in Paragraph "28" of the Complaint.

29.    Defendants deny each and every allegation set forth in Paragraph "29" of the Complaint.

30.    Defendants deny each and every allegation set forth in Paragraph "30" of the Complaint.

## AS FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

32.    At all times relevant hereto, Defendants acted reasonably and in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, regulation or guideline or under common law.

## AS FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

33.    Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business reasons and would have been taken regardless of Plaintiff's protected status.

## AS FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims for damages are barred, in whole or in part, because he failed to use reasonable diligence to mitigate and/or minimize his alleged damages.

## AS FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

## AS FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendants' corrective opportunities or to avoid harm otherwise.

## AS FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's Complaint fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendants.

WHEREFORE, Defendant's pray that the Court:

(a)    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(b)    Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c)    Award Defendant reasonable attorneys' fees and costs incurred in defending this meritless and frivolous action; and

(d)    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038-4502
    (212) 545-4000

Dated: August 21, 2008        By: _____
     New York, New York           Diane Windholz (DW 9806)
                         Nicole Q. Saldana (NS 6524)

ATTORNEYS FOR DEFENDANTS

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2008 I caused to be served a true and correct copy of Defendants' Answer and Affirmative Defenses and Defendants' Rule 7.1 Statement on Plaintiff, by mailing said document, by regular U.S. mail, to Plaintiff's counsel of record, Martin S. Streit, Esq., at his office located 386 Park Avenue Sout, New York, New York 10016.

_____
Diane Windholz